IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GARY LEROY JONES, #430659           *
        Plaintiff,
    v.                                                  *   CIVIL ACTION NO. CCB-10-673

RONALD SYE, et al.                          *
        Defendants.
                                      ***

MEMORANDUM

On March 18, 2010, the court received for filing Gary Leroy Jones's ("Jones") civil rights complaint for injunctive relief and damages filed against attorneys and an "agent" with the Office of the Maryland Public Defender ("OPD"). Plaintiff is currently detained at the Baltimore City Detention Center ("BCDC") while awaiting trial. The allegations go to Jones's arrest, indictment and continued detention on unspecified criminal charges.

Jones claims that he has received inadequate representation from the public defender assigned to his case and "derelict" assistance from public defender support staff, i.e. a receptionist. He has filed with the court copies of various letters sent to defense counsel, but when his complaint's statement of claim is distilled down to its essentials, it raises allegations that the OPD: (1) failed to obtain information needed for his defense; (2) gave him an incomplete hard copy of a criminal case docket, which did not reflect additional major charges; (3) ignored his letter which described the circumstances of his arrest and offered information in support of his innocence; (4) refused to challenge the legitimacy of the prosecutor's claim that a postponement was needed to await additional evidence, which deprived him of his right to a preliminary hearing comporting with due process; (5) failed to provide him requested information; and (6) refused to try to obtain his release when they knew he had been denied his right to due process.

Although Jones has named employees of the OPD as defendants his relief request seeks: changes to the BCDC administrative remedy procedure, the termination of defendants from their

OPD employment, and compensatory damages. His action may not proceed. A civil rights claim which raises challenges to the constitutionality of incarceration is not appropriate unless and until Jones's charges have been dismissed or declared invalid by a tribunal authorized to make such a determination. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Jones claims that he was made to remain incarcerated for four months "without the state proving evidence existed." State court records show that he was charged with counts of armed robbery, robbery, first-and second-degree assault, theft, and use of deadly weapon with intent to injure on December 4, 2009. He continues to be represented by defendant Stone. *See State v. Jones,* Criminal No. 109338009 (Cir. Ct. for Balto. City) (docket copy attached). His trial is currently scheduled to occur on April 6, 2010. Jones cannot show that his criminal charges have been invalidated. His allegations against defendants, which are tantamount to allegations of ineffectiveness, are barred by the rule announced in *Heck* as a judgment in Jones's favor would necessarily imply the invalidity of his criminal detention. The *Heck* bar applies whether Jones is still a pre-trial detainee or whether he has already been convicted of the charges for which he is currently incarcerated. *See Smith v. Holtz,* 87 F.3d 108, 113 (3rd Cir. 1996) ("In terms of the conflicts which *Heck* sought to avoid, there is no difference between a conviction which is *outstanding* at the time the civil rights action is instituted and a *potential* conviction on a pending charge that may be entered at some point thereafter.") Therefore, his complaint for injunctive relief and damages is barred under the rule of *Heck*. A separate order follows.

Date:  April 5, 2010                                   /s/
                                                                Catherine C. Blake
                                                                United States District Judge